IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RAMIRO TREVINO | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv19 |
| FEDERAL BUREAU OF PRISONS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Ramiro Trevino, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The Petition

Petitioner is confined within the Texas Department of Criminal Justice, Correctional Institutions Division. He states that during his incarceration federal authorities lodged a detainer against him due to a federal criminal conviction. Petitioner asserts that as a result of the detainer he is subject to more restrictive conditions of confinement and has been denied release on parole. As a result, he states he is entitled to credit towards his federal sentence for time spent in state custody. Petitioner also seeks release under the CARES Act.

Analysis

*Detainer*

Title 18 U.S.C. § 3585 provides as follows:

(a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) A defendant is to be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed

that has not been credited towards another sentence.

The mandate of § 3585(b) is clear. A federal inmate may be given credit for time he spent in official detention prior to the commencement of sentence only if such time has not been credited towards his state sentence. There is no indication that petitioner has not received credits towards his state sentence for the time he has been subject to the federal detainer. As a result, he is not entitled to have this period of time also credited towards his federal sentence.

*CARES* Act

Petitioner also contends he is entitled to be released pursuant to the CARES Act. Under the Coronavirus Aid, Relief, and Economic Act, the Bureau of Prisons is authorized to, under certain circumstances, lengthen the amount of a time a prisoner may be placed in home confinement. Pub. L. No. 1160136, 134 Stat. 281 (2020). However, the CARES Act does not grant a federal court the authority to make home confinement decisions. *United States v. Lang*, 835 F. App'x 790, 791 n.5 (5th Cir. 2021). As a result, the CARES Act does not provide petitioner with a basis for relief in this proceeding.

## Recommendation

This petition for writ of habeas should be denied.

## Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual

findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 14th day of August, 2023.

_____
Zack Hawthorn
United States Magistrate Judge